UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| George Reynold Evans, | ) C/A No.  3:08-2991-JFA-JRM |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) **Report and Recommendation** |
| | ) **for Partial Summary Dismissal** |
| | ) |
| Captain Charles L. Lewis; | ) |
| Magistrate Bradley; | ) |
| Town of Lynchburg, South Carolina; | ) |
| Mayor Issac Thompson; | ) |
| Lynchburg Township Police Department; | ) |
| William Gore, Secretary of the North Carolina | ) |
| Department of Motor Vehicles; | ) |
| | ) |
| Defendants. | ) |

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint herein pursuant to the procedural provisions of 28 U.S.C. § 1915.  This review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

The complaint *sub judice* has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit.  To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious."  § 1915(e)(2)(B)(i), (ii).  A finding of frivolity

can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995). The Court may dismiss a claim as "factually frivolous" under § 1915(e) if the facts alleged are clearly baseless. *Denton*, 504 U.S. at 31. In making this determination, the court is not bound to accept without question the truth of the plaintiff's allegations, but rather need only weigh the plaintiff's factual allegations in his favor. *Id.*

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## Background

Plaintiff, a resident of North Carolina, brings this action pursuant to 42 U.S.C. §§ 1983 and 1985. Plaintiff alleges that the Town of Lynchburg, South Carolina, and several Lynchburg employees and local governmental bodies have participated in a conspiracy to violate the Plaintiff's Constitutional rights. Plaintiff indicates that the Defendants "conspired to target out of town people for speeding knowing this is a great source of revenue for the town."

In April of 2007, Plaintiff received a traffic ticket issued by Defendant Lewis, a member of the Lynchburg Police Department. At a May 9, 2007, court hearing, Plaintiff requested a trial regarding the traffic ticket. Defendant Lewis allegedly threatened Plaintiff with jail if he did not pay the fine, thus trying to "intimidate Plaintiff [from] using the court system and limit his use of access to the court." Plaintiff persisted in his request for a trial and was made to wait until the cases of "all of the white defendants in court" had been heard. Plaintiff indicates the white defendants were allowed to leave and mail in their payments, however, "when the blacks were tried things were different." Plaintiff states Defendants Lewis and Bradley discussed Plaintiff's case prior to Plaintiff entering the court room and that Defendant Bradley had "already formed [Plaintiff's] guilt in his mind." Plaintiff also alleges various due process violations that allegedly occurred during the hearing.

Plaintiff states that he appealed Judge Bradley's decision, which was apparently vacated, resulting in the dismissal of Plaintiff's traffic ticket on April 9, 2008. Plaintiff claims his North Carolina driving record and employment opportunities have been negatively impacted as a result of the Defendants' actions. Plaintiff seeks monetary damages against all Defendants except Defendant William Gore, Secretary of the North Carolina Department of Motor Vehicles. Plaintiff seeks injunctive relief against this Defendant to correct his driving record.

<u>Discussion</u>

Plaintiff's complaint alleges federal constitutional violations by one judge and various local governmental entities/employees. While service of Plaintiff's complaint is recommended against the majority of the Defendants, Defendant Bradley is immune from suit. The Supreme Court of South Carolina, the Court of Appeals of South Carolina, Courts of General Sessions, Courts of

Common Pleas, Family Courts, Probate Courts, Magistrate's Courts, and Municipal Courts are in a unified judicial system. *See* S.C. CONST. art. V, § 1 ("The judicial power shall be vested in a unified judicial system, which shall include a Supreme Court, a Court of Appeals, a Circuit Court, and such other courts of uniform jurisdiction as may be provided for by general law."); *City of Pickens v. Schmitz*, 376 S.E. 2d 271 (S.C.1989); *Cort Industries Corp. v. Swirl, Inc.*, 213 S.E. 2d 445 (S.C. 1975). As South Carolina Magistrate Court Judges are part of the State of South Carolina's unified judicial system, they have absolute immunity from a claim for damages arising out of their judicial actions. *See Mireles v. Waco*, 502 U.S. 9 (1991); *Stump v. Sparkman*, 435 U.S. 349, 351-364 (1978); *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987)(a suit against two Virginia magistrates); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985)("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions"). *See also Siegert v. Gilley*, 500 U.S. 226, 231 (1991)(immunity presents a threshold question which should be resolved before discovery is even allowed); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)(absolute immunity "is an immunity from suit rather than a mere defense to liability"). Plaintiff's claims against Defendant Bradley stem from a hearing before this Magistrate on May 9, 2007. As Plaintiff's claim for damages arises out of Defendant Bradley's judicial actions, this Defendant is immune from suit and entitled to summary dismissal.

Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case as to Defendant Bradley *without prejudice* and without issuance and service of process for this Defendant. Process shall issue for service of the remaining Defendants. *See United Mine Workers v. Gibbs*, 383 U.S. 715 (1966). *See also Neitzke v. Williams*, 490 U.S. 319, 324-25

(1989); *Haines v. Kerner*, 404 U.S. 519 (1972).  Plaintiff's attention is directed to the important notice on the next page.

                                         Joseph R. McCrorey  
                                         United States Magistrate Judge

October 3, 2008  
Columbia, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).