IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| George Reynold Evans, | ) | C/A No. 3:08-2991-JFA-JRM |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Captain Charles L. Lewis; Magistrate Bradley; Town of Lynchburg, SC; Mayor Issac Thompson; Lynchburg Township Police Department; William Gore, Secretary of the North Carolina Department of Motor Vehicles, | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation.[1] The *pro se* plaintiff, George Evans, is a resident of North Carolina. He brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. Specifically, the plaintiff contends that the defendants "conspired to target out of town people for speeding knowing this is a great source of revenue for the town." The plaintiff also contends that after he received a speeding ticket and requested a jury trial, the defendants tried to intimidate him from using the court system and limited his access thereto. He seeks monetary and injunctive relief to correct his driving record.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

1

In a detailed Report and Recommendation, the Magistrate Judge suggests that the complaint against defendant Magistrate Bradley is subject to dismissal because judges of the South Carolina unified judicial system have absolute immunity from claims arising out of their judicial actions. The Magistrate Judge notes that plaintiff's claims against Defendant Bradley stem from a hearing before Magistrate Bradley on May 9, 2007 for a speeding ticket violation.

As to the remaining defendants, the Magistrate Judge recommends that service of process of the complaint be made as to them. Because the Magistrate Judge fairly and accurately summarizes the facts and standards of law in his Report, such will not be repeated herein.

The plaintiff was advised of his right to file objections to the Report and Recommendation, which was entered on the docket on October 3, 2008. In response, the plaintiff filed a document styled "Motion for Reconsideration or Notice of Appeal to a District Court Judge." The plaintiff essentially objects to the Magistrate Judge's suggestion that Defendant Bradley be summarily dismissed because he is immune from suit. As the Magistrate correctly notes in his Report, it is well settled that a judge has absolute immunity from a claim for damages arising out of his judicial actions. Thus, the plaintiff's objections as to this issue are overruled.

Alternatively, the plaintiff moves for a direct appeal to the Chief district court judge or a district court judge. As this matter is now properly before the undersigned for review of the Report and Recommendation, plaintiff's motion is moot.

2

After carefully reviewing the applicable law, the record in this case, and the Report and Recommendation, the court agrees with the Magistrate Judge's recommendation and incorporates the Report herein by reference.

Accordingly, defendant Magistrate Bradley is dismissed without prejudice and without issuance and service of process. The Clerk is directed to serve the remaining defendants.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

Joseph F. Anderson, Jr.
United States District Judge

November 3, 2008
Columbia, South Carolina

3